UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISA DIGIOVANNI,<br><br>Plaintiff,<br><br>v.<br><br>ERGOTELES, LLC<br><br>Defendant. | Docket No.   22-CIV-6598<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Lisa DiGiovanni ("Plaintiff"), by and through her attorneys at Filosa Graff LLP, as and for her Complaint in this action against Defendant Ergoteles, LLC, ("Ergoteles," the "Company," or "Defendant") alleges upon personal knowledge and upon information and belief as to other matters as follows:

## NATURE OF THE CLAIMS

1. This is an action brought by Plaintiff against Defendant, an investment management firm located in New York, NY.

2. Plaintiff is a former employee of Defendant that was paid on a salary basis that that did not account for required overtime compensation when Plaintiff worked in excess of forty (40) hours in a given workweek.

3. Plaintiff brings this action to recover (i) overtime compensation that Defendant failed to pay Plaintiff pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the New York Labor Law ("NYLL") and (ii) damages related to Defendant's failure to provide Plaintiff with accurate wage statements and notices required by NYLL § 195.

4. This action also seeks declaratory, injunctive, and equitable relief to address Defendant's violations of the FLSA and NYLL.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 as this case is brought under the FLSA. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Plaintiff worked for Defendant in this District and Defendant maintains its principal place of business for the United States in this District.

## THE PARTIES

7. Plaintiff Lisa DiGiovanni is a resident of the State of New York. Plaintiff worked for Defendant from November 2019 through April 13, 2022. At all times, Plaintiff met the definition of an "employee" under all applicable statutes.

8. Defendant Ergoteles, LLC is a limited liability organized and existing under the laws of the State of Delaware with a headquarters located 150 E. 52nd Street, New York, NY. At all relevant times, Defendant met the definition of an "employer" within the meaning of the FLSA and NYLL.

## FACTUAL ALLEGATIONS

**Plaintiff DiGiovanni's Employment With Defendant**

9. Defendant hired Plaintiff as an Administrative Assistant in or around November 6, 2019.

10. Defendant hired Plaintiff at a salary of $115,000 per year and classified Plaintiff as an exempt employee for purposes of the FLSA and NYLL.

11. In the Administrative Assistant position, Plaintiff was to serve as the assistant to Defendant's three Managing Directors (Michael Bos, Mark Mancini, and Amit Manwani).

12. As part of these job duties, Plaintiff assisted Mr. Mancini with work related to human resources, investor relations, immigration, and accounts payable. Mr. Mancini was the Chief Operating Officer of the Company with responsibility for these functions.

13. At all times, Plaintiff worked under the close supervision of the Managing Partners.

14. Plaintiff was told that these responsibilities for human resources and accounts payable would be temporary. Specifically, Mr. Mancini told Plaintiff that the Company would hire two new employees, one to handle human resources and another to be a bookkeeper.

15. In February 2021, after Plaintiff had been performing these additional job duties for more than a year without the Company hiring additional staff, Plaintiff agreed to take on these additional responsibilities on a more permanent basis.

16. In September 2021, the Company changed Plaintiff's job title to Administrative Analyst and increased her salary to $150,000 per year.

17. Plaintiff's job duties did not change and remained the same following her change in job title and salary increase.

**Plaintiff Regularly Worked Overtime Without Additional Compensation**

18. During the course of her employment with Defendant, Plaintiff regularly worked in excess of forty (40) hours per week.

19. For example, from November 2019 through March 2020, Plaintiff typically worked 9 to 10 hours per day, from 9:00 a.m. until 6:00 p.m. or 7:00 p.m., Monday through Friday, without a dedicated lunch break, for a total of 45 to 50 hours per week.

20. In March 2020, Plaintiff began working remotely because of the COVID-19 pandemic, but continued working the same general hours, i.e., from 9:00 a.m. to 6:00 p.m or 7:00

p.m., Monday through Friday, without a dedicated lunch break, for a total of 45 to 50 hours per week. This schedule continued through the end of April 2020.

21. In May 2020, the Company began preparations to launch a new hedge fund. Plaintiff's work hours increased during this time as she was required to host virtual conferences and telephone calls with the Managing Partners to review documents related to the new fund and/or prepare for meetings with investors.

22. Plaintiff was responsible for hosting all video calls and conferences calls related to the hedge fund launch, among other duties related to the hedge fund launch, from May 2020 to September 2020. This was in addition to her regular job responsibilities. As a result, Plaintiff's work hours increased during this time.

23. During this time period from May 2020 through September 2020, Plaintiff generally worked from 9:00 a.m. until 10:00 p.m., Monday through Friday, for a total of 65 hours per week.

24. Following the launch of the new hedge fund, Plaintiff returned to working her "regular" hours of 9:00 a.m. to 6:00 p.m. or 7:00 p.m., Monday through Friday, for a total of 45 to 50 hours per week.

25. Plaintiff continued typically working 45 to 50 hours per week from October 2020 through the end of her employment on April 13, 2022.

**Defendant Misclassified Plaintiff as an Exempt Employee**

26. Despite Defendant's classification of Plaintiff as an exempt employee, Plaintiff did not perform work that would qualify for any exemption from the FLSA or NYLL.

27. While Plaintiff did perform a lot of work that was administrative in nature and may have included work related to the general business operations of the Company, these duties

did not require the exercise of independent judgment or discretion with respect to matters of significance for the Company.

28. For example, while Plaintiff performed work related to human resources and payroll, Plaintiff's role was to assist Mr. Mancini with the administrative aspects of human resources and payroll. Plaintiff had no decision-making authority over human resources or payroll.

29. The same is true for the accounts payable work that Plaintiff performed. While performed work related to accounts payable, these tasks were administrative in nature and performed under the supervision of the Company's expense committee, Chief Financial Officer, and Chief Operating Officer. Plaintiff had no authority to exercise discretion or independent judgment in performing work related to accounts payable.

30. Plaintiff also performed work related to investor relations, but again this work was administrative in nature and done under the supervision of other Company employees and did not require the exercise of discretion or independent judgment.

31. Because Plaintiff's primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance for the Company, Defendant could not have classified Plaintiff as exempt under the administrative exemption.

32. Plaintiff also would not qualify under the highly compensated employee exemption because she did not customarily and regularly perform work that required the exercise of discretion and independent judgment with respect to matters of significance

33. Plaintiff did not exercise supervisory authority over any other Company employees and certainly did not have the authority to hire or fire other employees of the Company; thus, the executive exemption does not apply here.

34. Defendant thus misclassified Plaintiff as an "exempt" employee instead of a "non-exempt" employee.

35. As a non-exempt employee, Defendant was required to pay Plaintiff additional compensation when she worked in excess of forty (40) hours per week.

36. Defendant never paid Plaintiff any additional compensation when Plaintiff worked in excess of forty (40) hours in a given workweek.

**The Company's Failure to Issue Required Pay Notices and Wage Statements**

37. At the time that Defendant hired Plaintiff, Defendant failed to issue Plaintiff a pay notice containing the information required by NYLL § 195(1).

38. During the course of her employment with Defendant, the Company failed to issue Plaintiff wage statements that included all of the information required by NYLL.

39. NYLL § 195(3) provides the following: "For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

40. The pay stubs that Defendant issued to Plaintiff did not include Plaintiff's regular hourly rate, overtime rate, or the number of overtime hours worked.

### FIRST CAUSE OF ACTION
**(FLSA: Failure to Pay Overtime Compensation)**

41. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs, as if fully set forth herein.

42. During the relevant time period, Plaintiff worked in excess of forty hours per workweek but, because Defendant misclassified Plaintiff as "exempt" from the overtime provisions of the FLSA, the Company failed to pay her appropriate overtime compensation.

43. Despite the hours worked by Plaintiff, Defendant willfully, in bad faith, and in knowing violation of the FLSA, failed and/or refused to pay Plaintiff appropriate overtime compensation.

44. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a).

45. Plaintiff seeks recovery of their attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION
### (NYLL: Failure to Pay Overtime Compensation)

46. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs, as if fully set forth herein.

47. During the relevant time period, Plaintiff worked in excess of forty hours per workweek but, because Defendant misclassified Plaintiff as "exempt" from the overtime provisions of the NYLL, the Company failed to pay her appropriate overtime compensation.

48. Despite the hours worked by Plaintiff, Defendant willfully, in bad faith, and in knowing violation of the NYLL, failed and/or refused to pay her appropriate overtime compensation.

49. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good faith basis, within the meaning of NYLL § 198, and as a result Plaintiff is entitled

to liquidated damages and such other legal and equitable relief as the Court deems just and proper.

50.  Plaintiff also seeks to have her reasonable attorneys' fees and costs paid by Defendant, as provided by the NYLL.

### THIRD CAUSE OF ACTION
### (NYLL: Failure to Issue Pay Notice)

51.  Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs, as if fully set forth herein.

52.  Defendant failed to furnish Plaintiff with an appropriate pay notice required by NYLL § 195(1).

53.  Defendant's violation of the NYLL was willful and, as a result, Defendant is liable to Plaintiff in the amount of $50 for each day that the violations occurred or continued to occur, up to $5,000.

54.  In addition to statutory penalties, Plaintiff is entitled to recover from Defendant reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
### (NYLL: Failure to Furnish Wage Statements)

55.  Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs, as if fully set forth herein.

56.  Defendant failed to furnish Plaintiff with accurate wage statements that specifically enumerated certain criteria, as required by NYLL § 195(3).

57.  The pay stubs that Defendant issued to Plaintiff did not include Plaintiff's regular hourly rate, overtime rate, or the number of regular or overtime hours.

58. Defendant's violation of the NYLL was willful and, as a result, Defendant is liable to Plaintiff in the amount of $250 for each day that the violations occurred or continued to occur, up to $5,000.

59. In addition to statutory penalties, Plaintiff is entitled to recover from Defendant reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

A. That the Court finds Defendant to have violated the Fair Labor Standards Act as to Plaintiff;

B. That the Court finds Defendant to have violated the provisions of the New York Labor Law as to Plaintiff;

C. That the Court determine that Defendant's violations were willful;

D. An award to Plaintiff or the amount of unpaid wages owed, including interest thereon, and penalties, including liquidated damages, subject to proof at trial;

E. An award of liquidated damages in an amount to be determined at trial pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

F. An award of liquidated damages pursuant to the NYLL;

G. That Court Order that Defendant must cease and desist from unlawful activities in violation of the FLSA and NYLL;

H. An award of reasonable attorneys' fees and costs pursuant to the NYLL and 29 U.S.C. § 216 and/or other applicable law; and/or

I. Any such other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury as to all issues so triable.

Dated: August 3, 2020
       New York, NY

Respectfully submitted,

FILOSA GRAFF LLP

By: _____
Gregory N. Filosa (GF-3862)
Ariel Y. Graff (AG-8039)

111 John Street, Suite 2510
New York, NY 10038
Tel.: (212) 256-1780
Fax.: (212) 256-1781
gfilosa@filosagraff.com
agraff@filosagraff.com

*COUNSEL FOR PLAINTIFF*